## ELFORD v. SMITH TRANSP. CO.
### No. 6001.

Circuit Court of Appeals, Ninth Circuit.
May 26, 1930.

Lord & Moulton, of Portland, Or., for appellant.

Senn & Recken, of Portland, Or., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This was an action to recover damages for personal injuries. The plaintiff, at the time of receiving the injuries complained of, was in the employ of the defendant on a towboat and was assisting another employee in attaching a head line from the bow of the towboat to a raft of logs in, the Columbia river. While so engaged, the plaintiff passed the end of the head line to a logger on the raft, and when the line was attached to the raft by the logger the plaintiff proceeded to make the line fast to a cavil on the port side of the bow of the towboat by taking several turns of the line around the cavil, in the form of a figure eight. While so engaged, a bight in the line wrapped around the plaintiff's foot, causing the injuries for which a recovery was here sought. The negligence charged in the complaint was that the head line in use was old, worn, and defective, and that after the towboat was brought to a stop alongside the raft, and while the plaintiff was engaged in wrapping the head line around the cavil, the defendant, through its agents and servants, carelessly and negligently caused and permitted the vessel to be put in motion, thereby causing and permitting a strain to be thrown on the line. At the close of the testimony the court below ruled that the evidence was not sufficient to sustain the charges of negligence contained in the complaint and directed a verdict for the defendant. From the judgment on this verdict the plaintiff has appealed.

As already stated, but two grounds of negligence were set forth in the complaint: First, the use of a defective head line, and, second, the starting of the towboat forward while the appellant was in the act of fastening the head line to the cavil. The head line in use at the time of the accident had been in use for a period of about three months prior thereto and had been used several months after the accident and prior to the trial in the same manner and for the same purpose. The line was exhibited to the court and jury and the court could discover no defect therein. Furthermore, it is now conceded by the appellant that the use of the head line at the time of the accident did not con-

224

stitute negligence. The utmost that is claimed is that greater care was required in its use because of kinks made in the line by turning it around the cavil and the strain on the line incident thereto.

Nor do we find any error in the ruling on the second ground of negligence. The appellant seems to contend that the court directed the verdict against him because of a slight variance between the allegations and proofs, in that the complaint averred that the towboat had been brought to a stop, whereas the proof showed that the boat was still drifting slowly. But such was not the basis of the decision. The court ruled, and we think properly, that the testimony failed to show that the towboat was started forward at the time of the accident, or that the accident was caused thereby, so that there was an entire failure of proof as to the negligence charged.

The judgment is affirmed.